IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MARK MISIANO,<br><br>Defendant. | CRIMINAL ACTION<br>NO. 26-mj-1432 |

**PRETRIAL DETENTION ORDER**

**AND NOW**, this 11th day of August 2026, after considering the arguments of counsel for the Government and Defendant at the evidentiary hearing held on August 4, 2026, the Court finds that the Government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e) and (f)(1)(E).

This case is appropriate for pre-trial detention of Defendant pending trial under Title 18, United States Code, Section 3142(e) and (f)(1)(E) because:

(a) There is probable cause to believe, based on the complaint and warrant issued by the federal Magistrate Court on July 24, 2026, that Defendant has committed the offense of receipt and attempted receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2). As a result of this criminal charge there is a rebuttable presumption, pursuant to 18 U.S.C. § 3142(e)(3)(E), that no condition or combination of conditions will assure the safety of other persons and the community.

(b) The evidence in this case appears strong. On July 22, 2026, a federal search warrant was executed at Defendant's residence in Philadelphia and for his person. Defendant was home at the time of the execution of the search warrant. Among other electronic devices, agents

seized a cell phone from Defendant's person. A forensic review on scene of the cell phone revealed that the cell phone seized from his person appeared not to contain any contraband.[1] However, a more thorough review of the cell phone, conducted the next day, July 23, 2026, revealed an encrypted application that agents were able to access, which showed the presence of child pornography. The Signal application was installed on Defendant's phone and he appears to be a member of several Signal group chats in which group members shared child pornography. For example, a group chat was joined on July 19, 2026 which was called "little kid dicks." Members of the group exchanged images and videos depicting pre-pubescent males engaged in sexually explicit conduct, including:

- At 8:55 A.M., an eight-minute and fifty-eight second video was distributed to the group. The video was a compilation of shorter videos, approximately 10 to 30 seconds in length, depicting pre-pubescent boys, most appearing to be under the age of 7 years old, with adult males penetrating their anus or mouth with their penis or masturbating and ejaculating on the child. Some of the children depicted were infants appearing to be under the age of 18 months.

- At 10:26 A.M., a series of 32 images was distributed to the group chat depicting an infant female. One of the images depict the infant female laying naked on her back with handcuffs binding the infant's legs together while a black sex toy is inserted into the infant's vagina.

- At 11:04 A.M., an image was sent to the group chat of a prepubescent boy, laying naked on his back with his legs in the air and his hands on his buttocks exposing his anus and genitals. On the child's chest are the words "8 year old whore" with black paint or ink.

The FBI confirmed that the messages described above were reviewed by the time Defendant's phone was seized. The FBI also identified several other Signal group chats that were joined on Defendant's phone including, "Proud Pedo HQ," "Male Family

---

[1] As a result, Defendant was not arrested on the day of the search warrant.

Reunion," "Baby Fuckers," "The Pedo Village," "Boys for P3rvs," "Pedo Haven" and "C/P Gay Exclusive". All the group chats identified herein contained child pornography.

At the time the offenses revealed on the cellphone seized from Defendant were committed, Defendant was a registered child sex offender as a result of his conviction in the United States District Court for the District of Columbia for possession of child pornography (18 U.S.C. § 2252A(a)(5)(B)) under docket number 1:16-cr-00048-RDM-1. According to the Statement of Offense in that case, in communications with an FBI Undercover (UC) in September 2015, Defendant stated he had "special pics," that he was "more into boys," that he "love[d] rape," and with regards to child rape videos, that they were his "favorite." In response to images of the UC's purported daughter, Defendant sent the UC an image of a naked prepubescent boy with his legs spread back towards his head and his ankles and wrists tied together with black tape. The child's mouth was also bound by a black rope and his anus and penis were exposed.

(c) If convicted, Defendant faces an enhanced penalty based on the fact that he is already a convicted child sex offender. He faces a maximum penalty of 40 years' imprisonment with a mandatory minimum term of 15 years, and a minimum 5 years up to a lifetime of supervised release.

(d) The nature of these crimes, and the fact that Defendant obtained replacement electronic devices immediately after his devices were seized on July 22, 2026, demonstrates the difficulty in effectively monitoring child sex offenders.

(e) The strength and nature of the case against Defendant shows he poses a danger to other persons and the community.

Therefore, it is **ORDERED** that Defendant be committed to the custody of the Attorney General for detention pending trial in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that Defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is detained deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

It is **FURTHER ORDERED** that Defendant shall self-report to the custody of the Attorney General for detention pending trial by reporting to the Office of the United States Marshal for the Eastern District of Pennsylvania, Room 2110, Philadelphia, PA 19106 by Friday, August 14, 2026 at 12:00 p.m.

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.